1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

NGHIA NGUYEN,

7
　　　　　　　　　　　Petitioner,

8
　　　v.

KARIN ARNOLD,

9

10
　　　　　　　　　　　Respondent.

Case No. 2:25-cv-01534-RSM-TLF

ORDER DENYING MOTION TO
APPOINT COUNSEL WITHOUT
PREJUDICE AND GRANTING
MOTIONS FOR EXTENSION OF
TIME

11　　　　Petitioner proceeds pro se in this 28 U.S.C. § 2254 federal habeas action.

12  Currently before the Court are petitioner's motion for appointment of counsel (Dkt. 6)

13  and respondent's motions for extension of time to file an answer to the petition (Dkts.

14  10, 11).

15　　　　For the reasons below, petitioner's motion to appoint counsel (Dkt. 6) is DENIED

16  without prejudice and respondents' motions for extension of time (Dkts. 10, 11) are

17  GRANTED.

18　　　　　　　　　　　　　MOTION TO APPOINT COUNSEL

19　　　　There is no constitutional right to appointment of counsel in habeas petitions

20  because they are civil, not criminal, in nature. *See Nevins v. Sumner*, 105 F.3d 453, 460

21  (9th Cir. 1996); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Appointment

22  of counsel is mandatory only if the district court determines that an evidentiary hearing

23  is required. *See Terrovona*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168

24

25  ORDER DENYING MOTION TO APPOINT COUNSEL
WITHOUT PREJUDICE AND GRANTING MOTIONS
FOR EXTENSION OF TIME - 1

1  (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary

2  hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v.*

3  *Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

4      The Court may request an attorney to represent indigent civil litigants under 28

5  U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman*

6  *v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of

7  exceptional circumstances requires an evaluation of both the likelihood of success on

8  the merits and the ability of the petitioner to articulate his claims *pro se* in light of the

9  complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal citation and

10  quotation marks omitted). These factors must be viewed together before reaching a

11  decision on a request for counsel under § 1915(e)(1). *Id*.

12      The Court finds that this matter does not present exceptional circumstances

13  supporting the appointment of counsel. The issues presented in the petition do not, at

14  this point, appear to be particularly complex, and petitioner has effectively articulated his

15  claims regarding alleged government misconduct, violation of right to a jury trial,

16  ineffective assistance of counsel, and failure to sever and hold separate trials for the

17  defendants. Petitioner's inability to afford an attorney and lack of legal expertise are

18  challenges faced by any *pro se* petitioner and do not present exceptional

19  circumstances. Finally, petitioner has not shown at this point in the case a likelihood of

20  success on the merits and the Court has not recommended an evidentiary hearing.

21      The Court finds that petitioner has not shown that appointment of counsel is

22  appropriate. Accordingly, the petitioner's motion for the appointment of counsel (Dkt. 6)

23  is DENIED without prejudice.

24

25  ORDER DENYING MOTION TO APPOINT COUNSEL
WITHOUT PREJUDICE AND GRANTING MOTIONS
FOR EXTENSION OF TIME - 2

1

<u>MOTIONS FOR EXTENSION OF TIME</u>

2    On October 8, 2025, counsel for respondent moved for an extension of time, until

3    November 10, 2025, to file an answer to the petition. Dkt. 10. Counsel indicates there

4    was a delay in receiving the state court record in the case and that he requires

5    additional time to prepare the answer. *Id.* Petitioner did not oppose or otherwise

6    respond to the motion. *Id.*

7    On October 24, 2025, counsel for respondent moved for another extension of

8    time, until December 10, 2025, to file an answer to the petition. Dkt. 11. Counsel states

9    that the state court record is voluminous and that he believes there may be missing

10    documents necessitating further investigation. *Id.* He further states that between

11    October 12, and 16, 2025, he experienced multiple acute cardiac episodes requiring

12    emergency department intervention and urgent cardiological treatment and

13    necessitating time off of work. *Id.* Counsel also indicates that he has previously

14    scheduled international travel obligations coming up. *Id.*

15    Finding good cause for the extensions, the Court hereby ORDERS:

16    (1) Respondent's motions for extension of time (Dkts. 10, 11) are GRANTED.[1]

17    (2) Respondent shall file an answer to the amended petition by **December 10, 2025**.

18    Respondent is directed to note the answer for **January 14, 2026**.

19    (3) Petitioner's response to the answer shall be due on or before **January 7, 2026**.

20    (4) Respondent's reply shall be due on or before **January 14, 2026**.

21

22

---

23    [1] The Court notes that respondent's second motion for extension does not note until November 14, 2025, and petitioner has not had the opportunity to respond. However, based on the reasons for the extension set forth in respondent's second motion, the Court finds an extension

24    is appropriate and does not find a response to the motion to be necessary.

25    ORDER DENYING MOTION TO APPOINT COUNSEL
WITHOUT PREJUDICE AND GRANTING MOTIONS
FOR EXTENSION OF TIME - 3

1     (5) The Clerk is directed to provide a copy of this order to petitioner and counsel for

2          respondent.

3

4          Dated this 3rd day of November, 2025.

5

6

7          *Theresa L. Fricke*
           _____
           Theresa L. Fricke

8          United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ORDER DENYING MOTION TO APPOINT COUNSEL
    WITHOUT PREJUDICE AND GRANTING MOTIONS
    FOR EXTENSION OF TIME - 4