UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NGHIA NGUYEN,<br>Petitioner,<br>v.<br>KARIN ARNOLD,<br>Respondent. | Case No. 2:25-cv-01534-RSM-TLF<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING AND RE-NOTING ANSWER |

Petitioner proceeds pro se in this 28 U.S.C. § 2254 federal habeas corpus action. The petition has been served. Respondent has filed a response arguing the petition is barred by the statute of limitations. Dkt. 14. Petitioner has filed a response. Dkt. 21.

In reviewing the briefing and the state court record, it appears the judgment in petitioner's criminal case was amended on two occasions. On January 10, 2024, pursuant to the remand order from the Court of Appeals, the trial court entered an agreed order amending petitioner's judgment and sentence to change his sentence on count 4 from indeterminate to determinate. Dkt. 17 at 19-20 (Ex. 21). And on October 4, 2024, the trial court further amended petitioner's judgment and sentence by waving the victim penalty assessment and clarifying that the determinate sentence on count 4 includes a mandatory 36-month term of community custody. *Id.*

In order to properly evaluate whether the petition is barred by the statute of limitations, the Court requires supplemental briefing addressing whether these amended

judgments constitute new intervening judgments such that they restart the federal habeas statute of limitations.

The Court notes that the Ninth Circuit has held that federal courts "look to the applicable state law to determine whether a sentencing change made by the state court created a new sentencing judgment." *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020) (citing *Turner*, 912 F.3d at 1240, *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017)). "Critical to this analysis is whether the state court action replaces an invalid sentence with a valid one." *Id.* (citing *Gonzalez*, 873 F.3d at 769, *Turner*, 912 F.3d at 1240. "The essential criterion is legal invalidation of the prior judgment, not the imposition of a new sentence." *United States v. Buenrostro*, 895 F.3d 1160, 1165–66 (9th Cir. 2018).

Respondent's current briefing does not fully address whether these amended judgments constitute new intervening judgments that would restart the federal statute of limitations under the above case law.

It is hereby ORDERED:

(1) On or before **August 21, 2026**, respondent shall file a supplemental brief addressing whether the January 10, 2024, and/or the October 4, 2024, amended judgments constituted new intervening judgments such that they restarted the federal statute of limitations.

(2) On or before **September 2, 2026**, petitioner may file a response to the supplemental brief.

(3) On or before **September 7, 2026**, respondent may file a reply.

(4) The Clerk is directed to re-note respondent's answer (Dkt. 14) to **September 7, 2026**.

(5) The Clerk shall provide a copy of this order to the parties and to the assigned District Judge.

Dated this 12th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge